

RECEIVED

JUL 1 4 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*DWAYNE LITTLEJOHN*

*PERSONAM SOJOURN, PLAINTIFF*

*DWAYNE LITTLEJOHN, COMMERCIAL ENTITY, CO-PLAINTIFF*

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

        vs.

Case No: *1:14-CV-03707*
(To be supplied by the Clerk of this Court)

*LISA MADIGAN*

*ANITA ALVAREZ*

*MATTHEW E. COGLAN*

*JOHN DILLON*

*AMANDA PILLSBURY*

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

**AMENDED COMPLAINT**

   ✓      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

          **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

          **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: _Dwayne Littlejohn_

B. List all aliases: _N/A_

C. Prisoner identification number: _R 43595_

D. Place of present confinement: _Robinson Correctional_

E. Address: _13423 E. 1150th Ave., Robinson IL. 62454_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: _Lisa Madigan_

Title: _Illinois Attorney General_

Place of Employment: _Attorney General's Office, Illinois Springfield_

B. Defendant: _Anita Alvarez_

Title: _Cook County States Attorney_

Place of Employment: _C.C. States Atty's Office, Chicago_

C. Defendant: _Matheas E. Coglan_

Title: _Chief Judge, Cook County Crim. Div., Chicago_

Place of Employment: _26th and California, Chicago_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                    Revised 9/2007

D. JOHN DILLON
ASSISTANT TO COOK COUNTY
STATES ATTORNEY
COOK COUNTY STATES ATTORNEY'S
OFFICE, CHICAGO ILLINOIS

E. AMANDA PILLSBURY
ASSISTANT TO THE STATES ATTORNEY
COOK COUNTY STATES ATTORNEY'S
OFFICE, CHICAGO ILLINOIS

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _DWAYNE LITTLEJOHN V. STATE OF ILLINOIS ET AL., # 14-CC-3246_

B. Approximate date of filing lawsuit: _APRIL 09, 2014_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _DWAYNE LITTLEJOHN, REAL PARTY IN INTEREST; DWAYNE LITTLEJOHN, A COMMERCIAL ENTITY/ NOMINAL CO-PLAINTIFF_

D. List all defendants: _LISA MADIGAN, ANITA ALVAREZ, MATHEW E. COGLAN, JOHN DILLON, AMANDA PILLSBURY, AND OTHERS AS YET UNKNOWN_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _ILLINOIS COURT OF CLAIMS, SPRINGFIELD, IL._

F. Name of judge to whom case was assigned: _ROBERT J. SPRAGUE, J._

G. Basic claim made: _WRONGFUL ATTACHMENT, LEVY, LIEN, EXECUTION OF JUDGMENT AND SALE OF EXEMPT GENERAL INTANGIBLE PERSONAL PROPERTY- FACIALLY UNCONSTITUTIONAL STATUTES USED_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _CASE STILL PENDING - MOVING FOR SUMMARY DISPOSITION - MONETARY AWARD ONLY_

I. Approximate date of disposition: _N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

1. ON OR ABOUT MAY 05, 2013, AND AT ALL TIMES PERTINENT TO THIS COMPLAINT, THE ABOVE-NAMED DEFENDANTS, JOINTLY AND SEVERALLY, DID KNOWINGLY AND WILLFULLY, UNDER COLOR OF STATE LAW, DEPRIVED THE PLAINTIFF(S) OF THEIR RIGHT TO RECEIVE SUBSTANTIVE DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW IN VIOLATION OF AMEND. XIV, SECTION 1 OF THE U.S. CONSTITUTION.

2. DURING THE COURSE AND IN FURTHERANCE OF THE ACTS OF DEPRIVATION BY THE DEFENDANTS, THE PLAINTIFF WAS WRONGFULLY SUBJECTED TO SLAVERY AND INVOLUNTARY SERVITUDE IN VIOLATION OF AMEND. XIII, SECTION 1 OF THE U.S. CONSTITUTION.

3. AS A PROXIMATE RESULT OF THE ACTS OR OMISSIONS OF THE DEFENDANTS, THE PLAINTIFF(S) WERE DEPRIVED OF THEIR LIBERTY AND PROPERTY INTERESTS AND THRUST INTO A STATE OF EXTREME ECONOMIC HARDSHIP AND FINANCIAL LOSS. IN SUPPORT OF

4

THESE ALLEGATIONS, THE PLAINTIFF(S) STATES AS FOLLOWS:

4. ON FEBRUARY 21, 2007, THE PLAINTIFF(S) EXECUTED A CONTRACT (PRIVATE SECURITY AGREEMENT) WITH THE CO-PLAINTIFF AS "DEBTOR", A COMMERCIAL ENTITY, AND THE PLAINTIFF AS "SECURED PARTY"; GRANTING THE PLAINTIFF A FIRST PRIORITY SECURITY INTEREST IN ALL THE DEBTORS ASSETS AND AFTER-ACQUIRED PROPERTY IN ACCORD WITH THE ILLINOIS UNIFORM COMMERCIAL CODE. THE SECURITY AGREEMENT WAS AMENDED ON 10/30/09. (SEE ATTACHED AMENDED SECURITY AGREEMENT AND UCC 3 FINANCING STATEMENT.). ON THE SAME DAY, THE PLAINTIFF PERFECTED HIS SECURITY INTEREST IN THE AFORESAID PROPERTY BY FILING AN INITIAL U.C.C. 1 FINANCING STATEMENT WITH THE SECRETARY OF STATE'S OFFICE IN ACCORD WITH ILLINOIS FILING LAWS UNDER THE U.C.C.. (SEE ATTACHED EXHIBIT U.C.C. FINANCING STATEMENT W/ ADDENDUM AND AMENDMENTS.)

Revised 9/2007

5. ON OR ABOUT MAY 05, 2013, THE DE-
FENDANTS ANITA ALVAREZ, JOHN DILLON,
AMANDA PILLSBURY, AND OTHER AS
YET UNNAMED DEFENDANTS OF THE
COOK COUNTY STATES ATTORNEY'S
OFFICE, A MUNICIPAL CORPORATION, IN-
ITIATED A CAUSE OF ACTION USING UN-
CONSTITUTIONAL PRE JUDGMENT ATTACH-
MENT STATUTES AND PROCEDURES AGAINST
THE PLAINTIFF(s), NAMELY, ARTICLES 2,
4, AND 12 OF THE ILLINOIS RULES OF
CIVIL PROCEDURE, WHICH ARE FACIALLY
UNCONSTITUTIONAL, WHEREAS, EVEN THOUGH
THE PROCEEDINGS ARE STATUTORY IN NATURE
AND THOUGH THE STATUTES THEMSELVES
ARE VERY MINUTE IN ALL THEIR DETAILS,
SPECIFICALLY SETTING OUT EVERY STEP TO
BE TAKEN IN THE PROGRESS OF A CAUSE
OF ACTION FROM ITS INCEPTION TO ITS
FINAL DETERMINATION, THERE ARE NO
LEGISLATIVE RULES OF LAW, PRACTICE OR
PROCEDURE WITHIN THE AFORESAID ART-

5 (a)

I CLES OF THE STATE WHICH AUTHORIZES EVEN AN INDICIA OF AN ALLUSION OF A FILING OF AN ANSWER TO A PETITION OF CAUSE _BEFORE_ THE DEPRIVATION OF THE PLAINTIFF'S RIGHTS, PROPERTY, AND LIBERTY INTERESTS BY THE DEFENDANTS OCCURRED.

6. AT ALL TIMES PERTINENT TO THIS COMPLAINT, THE DEFENDANTS OF THE COOK COUNTY STATE'S ATTORNEY'S OFFICE NOT ONLY PRO-SECUTED THIS CAUSE OF ACTION AGAINST THE PLAINTIFF(S) USING A NOMINAL PLAINTIFF, NAMELY, THE PEOPLE OF THE STATE OF ILLINOIS, THEY ALSO LITIGATED THIS CAUSE "IN BEHALF OF THE STATE OF ILLINOIS", A GOVERNMENTAL CORPORATION, AS "VICTIM". (SEE ATTACHED CHARGING INSTRUMENT.) THE ATTORNEY GENERAL'S OFFICE, UNDER THE OVERSIGHT OF LISA MADIGAN. (CAUSE NO. 1:13:CR:10287:01, PEOPLE V. LITTLEJOHN).

7. AT ALL TIMES PERTINENT TO THIS

5 (b)

COMPLAINT, THIS MATTER WAS BROUGHT TO THE ATTENTION OF MATHEW E. COGLAN, CHIEF JUDGE OF THE COOK COUNTY CIRCUIT COURT, CRIMINAL DEPARTMENT, WHO PRESIDED. BY DECLARATION AND BY PRESENTATION OF PRIMA FACIE EVIDENCE THE PLAINTIFF PROVED BY PREPONDERANCE THAT THE CAUSE OF ACTION WAS UN-CONSTITUTIONAL. THE PLAINTIFF PRESENTED AN AFFIDAVIT TO DISMISS TO THE JUDGE FOR WANT OF SUBJECT MATTER AND PER-SONAL JURISDICTION, WHICH WAS FILED AND DENIED BY THE JUDGE ON OR ABOUT SEPTEMBER 18, 2013. DESPITE THE PLAINTIFF'S EFFORTS AT PROTECTING HIS EXCLUSIVE RIGHT TO POSSESS AND CONTROL THE PROPERTY AND LIBERTY INTEREST OF THE CO-PLAINTIFF, THE JUDGE IGNORED AND DEPRIVED ME OF REDRESS — — HIS REASON BEING THAT IT WAS "CIVIL" IN NATURE AND OUTSIDE OF HIS JURISDICTION TO GRANT RELIEF.

5 (c)

WHEN THE TRIAL COURT DENIED
THE PLAINTIFF'S SWORN AFFIDAVIT
TO DISMISS THE DEFENDANT'S CAUSE
AGAINST HIM, IT NECESSARILY HELD
ADVERSELY TO THESE CLAIMS OF
FEDERAL RIGHT.

8. A MEMORANDUM OF LAW IS ATTACHED
HERETO AND INCORPORATED HEREIN.

WHEREFORE, PLAINTIFF(S) PRAY THIS
HONORABLE COURT WILL ACCEPT
THIS AMENDED COMPLAINT

RESPECTFULLY,

Dwayne Littlejohn,
Authorized Agent of
DWAYNE LITTLEJOHN©
Ens Legis, Plaintiff(s)

5 (d)

**V.      Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

PLAINTIFF(S) PRAYS THIS HONORABLE COURT WILL GRANT THIS MATTER BE HEARD AND DECIDED AND RELIEF THAT IS FAIR AND JUST BE GRANTED IN FAVOR THERETO. PLAINTIFF ALSO MOVES THIS HONORABLE COURT ENJOIN DEFENDANTS FROM DISBURSING THE PROCEEDS OF THIS OBLIGATION OR JUDGMENT UNTIL THIS MATTER IS DONE.

VI.      The plaintiff demands that the case be tried by a jury.    ☑ YES      ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _JULY_ , 20 _14_            : ©

LITTLEJOHN, DWAYNE
(Signature of plaintiff or plaintiffs)

Dwayne Littlejohn, Sui Juris
(Print name)

R43595
(I.D. Number)

ROBINSON CORRECTIONAL CENTER

13423 E. 1150TH AVE.

ROBINSON, IL. 62454
(Address)

6                                          Revised 9/2007

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

DWAYNE LITTLEJOHN            )
(R-43595),                   )        CASE NO. 14 C 3707
                             )
                             )
V.                           )
                             )
                             )        JUDGE JAMES B. ZAGEL
                             )
STATE OF ILLINOIS            )

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
AMENDED COMPLAINT

NOW COMES THE PLAINTIFF, DWAYNE
LITTLEJOHN, AND FILES THIS MEMORANDUM OF
LAW IN SUPPORT OF AMENDED COMPLAINT. IN
SUPPORT THEREOF, THE PLAINTIFF STATES THE
FOLLOWING:

BACKGROUND

ON MAY 05, 2013, THE ABOVE-NAMED
DEFENDANTS, AND OTHERS, WITH WILLFUL AND
MALICIOUS INTENT, DEPRIVED THE PLAINTIFF

1.

OF RIGHTS, PROPERTY, AND LIBERTY INTERESTS SECURED HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. BY USE OF FACIALLY UNCONSTITUTIONAL LEGISLATIVE ACTS, NAMELY, ARTICLES 2, 4, AND 12 OF THE ILLINOIS RULES OF CIVIL PROCEDURE, (ATTACHMENTS, CIVIL LAW, AND JUDGMENTS), THE DEFENDANTS CONSPIRED WITH ONE ANOTHER TO FALSELY ARREST THE PLAINTIFF, SUBJECT HIM TO A FRAUDULENT TRIAL, AND THRUST HIM INTO A STATE OF INVOLUNTARY SERVITUDE WITHOUT SUBSTANTIVE DUE PROCESS OF LAW, AND UNDER COLOR OF STATE LAW.

AT ALL TIMES PERTINENT TO THIS COMPLAINT, THE DEFENDANTS HAVE ALSO CONTINUED TO CONSPIRE TO CONCEAL, OBSTRUCT, AND DEFEAT DUE COURSE OF JUSTICE IN THE STATE OF ILLINOIS, WITH INTENT TO DENY THE PLAINTIFF EQUAL PROTECTION OF THE LAWS, AND FOR THE PURPOSE OF DEPRIVING HIM OF HIS RIGHT OF REDRESS AND REMEDY IN ACCORDANCE WITH DUE

2.

PROCESS OF LAW.

PRIOR TO THESE OVERT ACTS BY THE DEFEND-
ANTS AGAINST THE PLAINTIFF, THE PLAINTIFF, BY
VIRTUE OF THE UNIFORM COMMERCIAL CODE, (UCC),
PERFECTED A FIRST PRIORITY SECURITY INTEREST
AND LIEN "ON ALL OF DEBTOR'S ASSETS AND
AFTER-ACQUIRED PROPERTY" BY FILING A
UCC FINANCING STATEMENT WITH THE SECRETARY
OF STATE; WHICH PROPERTY IS EXEMPT FROM
JUDGMENT AND LEVY SINCE FEBRUARY 21, 2007.
SEE INITIAL UCC 1 FINANCING STATEMENTS.

THE PLAINTIFF ASSERTS JURISDICTION IN THIS
HONORABLE DISTRICT COURT OVER HIS ACTION BY
VIRTUE OF TITLE 28 U.S.C.A. § 1343, WHICH PRO-
VIDES: "SUITS TO REDRESS DEPRIVATION OF CIVIL
RIGHTS. FOURTEENTH. OF ALL SUITS AT LAW OR IN
EQUITY AUTHORIZED BY LAW TO BE BROUGHT BY ANY
PERSON TO REDRESS THE DEPRIVATION, UNDER COLOR
OF ANY LAW, STATUTE, ORDINANCE, REGULATION,
CUSTOM, OR USAGE OF ANY STATE, OF ANY RIGHT,

3.

PRIVILEGE, OR IMMUNITY, SECURED BY THE CON-
STITUTION OF THE UNITED STATES, OR ANY RIGHT
SECURED BY ANY LAW OF THE UNITED STATES
PROVIDING FOR EQUAL RIGHTS OF CITIZENS OF THE
UNITED STATES, OR OF ALL PERSONS WITHIN THE
JURISDICTION OF THE UNITED STATES.'

HOWEVER, SINCE THE PLAINTIFF HAD A PER-
FECTED SECURITY INTEREST IN HIS PROPERTY,
LIBERTY INTERESTS AND RIGHTS BEFORE BEING
DEPRIVED OF THE SAME BY THE DEFENDANTS, THE
UCC IS APPLICABLE TO A DETERMINATION OF HIS
RIGHTS, IF ANY, IN THE JUDGMENT, PROCEEDS, AND
ANY OTHER MATTERS ATTACHED THERETO OR DE-
LIVERED THEREFROM WHICH WAS USED IN FUR-
THERANCE OF DEPRIVATION OF PLAINTIFF's PROPER-
TY AND LIBERTY INTERESTS. THEREFORE, THE
PLAINTIFF REQUESTS THAT THIS HONORABLE
COURT NOT ONLY CONDUCT ANALYSIS UNDER
CONSTITUTIONAL SCRUTINY OF THE DUE PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT TO THE
U.S. CONSTITUTION, BUT ALSO THAT IT CONDUCT
ANALYSIS UNDER THE RELEVANT PROVISIONS OF

4.

THE UNIFORM COMMERCIAL CODE (UCC).

ARTICLE 9 OF THE UCC GOVERNS SECURED TRANSACTIONS AND PROVIDES "A COMPREHENSIVE SCHEME FOR THE REGULATION OF SECURITY INTERESTS IN PERSONAL PROPERTY AND FIXTURES". (810 ILCS 5/9-101, UNIFORM COMMERCIAL CODE COMMENT (WEST 1993).) THE GOAL OF ARTICLE 9 IS TO ESTABLISH A SIMPLE AND UNIFORM STRUCTURE WITHIN WHICH SECURED FINANCING TRANSACTIONS CAN BE CONDUCTED. (810 ILCS 5/9-101). IN ADDITION, ARTICLE 9 IS MEANT TO PROTECT CREDITORS BY PROVIDING THEM WITH GREATER SECURITY THAN THEY HAD UNDER PRE-CODE LAWS. (RONALD A. ANDERSON, 8 ANDERSON ON THE UNIFORM COMMERCIAL CODE § 9-102:5, AT 451 (1985).) WITH FEW EXCEPTIONS, ARTICLE 9 APPLIES TO "ANY TRANSACTION (REGARDLESS OF ITS FORM) WHICH IS INTENDED TO CREATE A SECURITY INTEREST IN PERSONAL PROPERTY OR FIXTURES INCLUDING GOODS, DOCUMENTS, INSTRUMENTS, GENERAL INTANGIBLES, CHATTEL PAPER OR ACCOUNTS ...". 810 ILCS 5/9-102 (1)(a) (WEST 1993); SEE ALSO RONALD A.

5.

ANDERSON, & ANDERSON ON THE UNIFORM
COMMERCIAL CODE § 9-102:6, AT 451-52
(1985) (COMMENTING ON THE ALL-INCLUSIVE
NATURE OF ARTICLE 9).

I. PROTECTION UNDER THE 14TH AMENDMENT.

ONCE THE THRESHOLD QUESTION ARISES
WHETHER PLAINTIFF POSSESSES A PROTECTABLE
PROPERTY AND LIBERTY INTEREST IS ANSWERED
IN THE AFFIRMATIVE, THE DUE PROCESS
CLAUSE IS IMPLICATED AND ANY PROCEDURE
INVOKED TO DEPRIVE THE PLAINTIFF OF HIS
INTEREST MUST PASS CONSTITUTIONAL SCRUTINY.
FURTHERMORE, WHILE THE LEGISLATURE MAY
ELECT NOT TO CONFER A PROPERTY INTEREST,
IT MAY NOT CONSTITUTIONALLY AUTHORIZE
THE DEPRIVATION OF SUCH AN INTEREST, ONCE
CONFERRED, WITHOUT APPROPRIATE PROCEDURAL
SAFEGUARDS. [T]HE ADEQUACY OF STATUTORILY
CREATED PROPERTY INTEREST MUST BE ANAL-
YZED IN CONSTITUTIONAL TERMS. ID., QUOTING

6.

VITEK V. JONES, 445 U.S. 480, 490-91 N.6, 100 S. CT. 1254, 1262-63 N.6, 63 L. Ed. 2d. 552 (1980).

THE ANALYSIS FOR DETERMINING WHAT PROCESS IS DUE INVOLVES THE ACCOMMODATION OF THE COMPETING INTEREST INVOLVED. AS LAID DOWN BY THE UNITED STATES SUPREME COURT: IDENTIFICATION OF THE SPECIAL DICTATES OF DUE PROCESS GENERALLY REQUIRES CONSIDERATION OF THREE FACTORS: FIRST, THE PRIVATE INTEREST THAT WILL BE AFFECTED BY THE OFFICIAL ACTION; SECOND, THE RISK OF AN ERRONEOUS DEPRIVATION OF SUCH INTEREST THROUGH THE PROCEDURES USED, AND THE PROBABLE VALUE, IF ANY, OF ADDITIONAL OR SUBSTITUTE PROCEDURAL SAFEGUARDS; AND FINALLY, THE GOVERNMENT'S INTEREST, INCLUDING THE FUNCTION INVOLVED AND THE FISCAL AND ADMINISTRATIVE BURDENS THAT THE ADDITIONAL OR SUBSTITUTE PROCEDURAL REQUIREMENT WOULD ENTAIL. MATHEWS V. ELDRIDGE, 424 U.S. 319, 334-35, 96 S. CT. 893, 902-03, 47 L. Ed. 2d 18 (1976).

ONLY LAWS AFFECTING FUNDAMENTAL RIGHTS COME WITHIN THE SCOPE OF SUBSTANTIVE DUE PROCESS. NATIONAL PAINT & COATINGS ASS'N V. CITY OF CHICAGO, 45 F. 3d 1124, 1129 (7TH CIR.), CERT. DENIED, 515 U.S. 1143, 115 S. CT. 2579, 132 L. ED. 2d 829 (1995). FUNDAMENTAL RIGHTS ARE "AMONG THOSE FUNDAMENTAL PRIN-CIPLES OF LIBERTY AND JUSTICE WHICH LIE AT THE BASE OF ALL OUR CIVIL AND POLITICAL INSTITUTIONS." (INTERNAL QUOTATION MARK OMITTED.) KRAUSHAAR V. FLANIGAN, 45 F. 3d 1040, 1047 (7TH CIR. 1995). THEY ARE ENU-MERATED IN THE CONSTITUTION OR ARE "SO FUNDAMENTAL IN OUR SOCIETY THAT A STATE MAY NOT UNJUSTLY TAKE THEM AWAY." TAAHIRA W. BY McCORD - SALLEY V. TRAVIS, 908 F. SUPP. 533, 537 (N.D. ILL. 1995); ACCORD KRAUSHAAR, 45 F. 3d AT 1047.

SUBSTANTIVE DUE PROCESS INSULATES THESE FUNDAMENTAL RIGHTS FROM UNJUSTIFIED GOVERNMENTAL INTRUSIONS. RENO V. FLORES,

8.

507 U.S. 292, 301-03, 113 S. Ct. 1439, 1447, 123 L. Ed. 2d 1 (1993); KRAUSHAAR, 45 F. 3d AT 1047; GOSNELL V. CITY OF TROY, Ill., 59 F. 3d 654, 657 (7TH CIR. 1995). THE GOVERNMENT MAY NOT "INFRINGE CERTAIN 'FUNDAMENTAL' LIBERTY INTERESTS AT ALL, NO MATTER WHAT PROCESS IS PROVIDED, UNLESS THE INFRINGEMENT IS NARROWLY TAILORED TO SERVE A COMPELLING STATE INTEREST." RENO, 507 U.S. AT 302, 113 S. CT. AT 1447. THEREFORE, SUBSTANTIVE DUE PROCESS ANALYSIS BEGINS WITH A CAREFUL DESCRIPTION OF THE ASSERTED RIGHT AND AN INQUIRY AS TO WHETHER IT IS FUNDAMENTAL. ID.

UNDER COLOR OF STATE LAW AND UNDER A GUISE OF PROTECTING THE PUBLIC AT LARGE, THE DEFENDANTS USED FACIALLY UNCONSTITUTIONAL LEGISLATIVE STATUTES AND PROCEDURES AGAINST THE PLAINTIFF TO DEPRIVE HIM OF HIS RIGHT TO LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW.

ARTICLES 2, 4, AND 12 OF THE ILLINOIS CODE OF CIVIL PROCEDURE ARE FACIALLY UN-CONSTITUTIONAL AND ARE PURELY STATUTORY. ALTHOUGH THE STATUTES THEMSELVES ARE VERY MINUTE IN ALL THEIR DETAILS, SPECIFICALLY SETTING FORTH EVERY STEP TO BE TAKEN IN THE PROGRESS OF A CAUSE OF ACTION FROM ITS INCEPTION TO ITS FINAL DETERMINATION, THERE ARE NO LEGISLATIVE RULES OF LAW, PRACTICE, OR PROCEDURES CONTAINED THEREIN WHICH AUTHORIZES EVEN AN INDICIA OF AN ALLUSION OF AN OPPORTUNITY TO BE HEARD OR OF THE FILING OF AN ANSWER <u>BEFORE</u> DEPRIVATION OF PROPERTY, LIBERTY INTERESTS AND RIGHTS OF THE PLAINTIFF BY THE DE-FENDANTS.

THIS CASE ADDRESSES FACIALLY UNCONSTI-TUTIONAL PRE-DEPRIVATION LEGISLATIVE ACTS AND PROCEDURES WHERE THE DEPRIVATION CAUSED A REAL AND IMMEDIATE CHANGE IN THE STATUS QUO OF THE PLAINTIFF TO HIS DETRIMENT.

10.

THE FOURTEENTH AMENDMENT PROHIBITS A
STATE FROM DEPRIVING ANY PERSON OF LIFE,
LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS
OF LAW, AND FROM DENYING TO ANY PERSON
WITHIN ITS JURISDICTION THE EQUAL PROTECTION
OF THE LAWS; BUT IT ADDS NOTHING TO THE
RIGHTS OF ONE CITIZEN AS AGAINST ANOTHER.
IT SIMPLY FURNISHES AN ADDITIONAL GUARANTY
AGAINST ANY ENCROACHMENT BY THE STATES
UPON THE FUNDAMENTAL RIGHTS WHICH BELONG
TO EVERY CITIZEN AS A MEMBER OF SOCIETY.
THE DUTY OF PROTECTING ALL ITS CITIZENS IN
THE ENJOYMENT OF AN EQUALITY OF RIGHTS
WAS ORIGINALLY ASSUMED BY THE STATES,
AND IT STILL REMAINS. THE ONLY OBLIGATION
RESTING UPON THE UNITED STATES IS TO SEE
THAT THE STATES DO NOT DENY THE RIGHT. IT
SECURES THE INDIVIDUAL FROM THE ARBITRARY
EXERCISE OF THE POWERS OF GOVERNMENT, UN-
RESTRAINED BY THE ESTABLISHED PRINCIPLES
OF PRIVATE RIGHTS AND DISTRIBUTIVE JUSTICE.
BANK OF COLUMBIA V. OKELY, 4 WHEAT. 244.

11.

SECTION 1983 PROVIDES A REMEDY AGAINST "ANY PERSON WHO, UNDER COLOR OF STATE LAW, DEPRIVES ANOTHER OF RIGHTS PROTECTED BY THE CONSTITUTION. IN MONELL, THE COURT HELD THAT CONGRESS INTENDED MUNICIPALITIES AND OTHER LOCAL GOVERNMENT ENTITIES TO BE INCLUDED AMONG THOSE PERSONS TO WHOM § 1983 APPLIES. 436 U.S., AT 690, 98 S. CT., AT 2035. AT THE SAME TIME, THE COURT MADE IT CLEAR THAT MUNICIPALITIES MAY NOT BE HELD LIABLE "UNLESS ACTION PURSUANT TO OFFICIAL MUNICIPAL POLICY OF SOME NATURE CAUSED A CONSTITUTIONAL TORT." ID., AT 691, 98 S. CT., AT 2036.

THE PLAINTIFF IS CURRENTLY SUFFERING UNLAWFUL INCARCERATION AND EXTREME ECONOMIC LOSS FROM THE DEPRIVATION CAUSED BY THE DEFENDANTS, AND OTHERS UNKNOWN, OF HIS RIGHTS, LIBERTY INTERESTS, AND PROPERTY; AS HIS PERFECTED INTEREST AND RETAINED RIGHTS EXISTED BEFORE THE

12.

STATE TOOK, SEIZED, LEVIED UPON, LIENED, AND SOLD THE PLAINTIFF'S PROPERTY FOR THEIR PERSONAL ADVANTAGE AND UNJUST ENRICHMENT.

"EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE . . . SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES . . . TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS . . . 42 U.S.C. § 1983.

[T]HEREFORE . . . A LOCAL GOVERNMENT MAY NOT BE SUED UNDER § 1983 FOR AN INJURY INFLICTED SOLELY BY ITS EMPLOYEES AND/OR AGENTS. INSTEAD, IT IS WHEN EXECUTION OF A GOVERNMENT'S POLICY OR CUSTOM, WHETHER MADE BY ITS LAWMAKERS OR THOSE WHOSE

13.

EDICTS OR ACTS MAY FAIRLY BE SAID TO
REPRESENT OFFICIAL POLICY, INFLICTS THE
INJURY THAT THE GOVERNMENT AS AN
ENTITY IS RESPONSIBLE UNDER § 1983" ID.,
AT 691, 694, 98 S. CT., AT 2037-2038.

'THE PROHIBITIONS OF THE FOURTEENTH
AMENDMENT ARE DIRECTED TO THE STATES. IT IS
THESE WHICH CONGRESS IS EMPOWERED TO ENFORCE,
AND TO ENFORCE AGAINST STATE ACTION, HOWEVER
PUT FORTH, WHETHER THE ACTION BE EXECUTIVE,
LEGISLATIVE OR JUDICIAL. WHOEVER, BY VIRTUE
OF PUBLIC POSITION UNDER A STATE GOVERNMENT,
DEPRIVES ANOTHER OF PROPERTY, LIFE, OR LIBERTY,
WITHOUT DUE PROCESS OF LAW, OR DENIES OR
TAKES AWAY THE EQUAL PROTECTION OF THE LAWS,
VIOLATES THE CONSTITUTIONAL INHIBITIONS; AND
AS HE ACTS IN THE NAME AND FOR THE STATE,
AND IS CLOTHED WITH THE STATE POWER, HIS
ACT IS THAT OF THE STATE. THIS MUST BE SO,
OR THE CONSTITUTIONAL PROHIBITION HAS NO
MEANING.' EX PARTE COMMONWEALTH OF VIRGINIA,

14.

100 U.S. 337, 346, 347, 25 L. Ed. 676.

THEREFORE, IF THE MATERIAL FACTS OF THIS COMPLAINT ARE FOUND TO BE TRUE AND CORRECT. THIS HONORABLE COURT SHALL GRANT ALL REMEDY AND REDRESS AVAILABLE TO THE PLAINTIFF WHICH WILL MAKE HIM WHOLE.

II.   PROTECTION UNDER UNIFORM COMMERCIAL CODE.

IT IS CLEAR AND UNDISPUTED THAT THE DEFENDANTS DID KNOWINGLY AND WILLFULLY, UNDER A COLOR OF STATE LAW, CAUSED A CONSTITUTIONAL TORT AGAINST THE PLAINTIFF BY PURSUING A CHOSE IN ACTION AGAINST HIM IN THE COOK COUNTY CIRCUIT COURT AND EXECUTED FACIALLY UNCONSTITUTIONAL PREJUDGMENT ATTACHMENT STATUTES AND PROCEDURES, ALONG WITH ILLINOIS JUDGMENT LAWS, (Arts. 2, 4, AND 12 OF THE ILLINOIS CODE OF CIVIL PROCEDURE) TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS, PROPERTY, AND LIBERTY. THESE UNCONSTITUTIONAL STATUTES AND PROCEDURES ARE SUPPLEMENTAL TO SATISFY JUDGMENTS

15.

IN FAVOR OF THE DEFENDANTS. HOWEVER, THE DEFENDANTS, AS JUDGMENT CREDITORS, OBTAINED A LIEN IN FAVOR OF THE STATE OF ILLINOIS OVER THE GENERAL INTANGIBLE PERSONAL PROPERTY AND "ALL PROPERTY OF THE PLAINTIFF" UPON DELIVERY TO THE SHERIFF OF A WRIT OF EXECUTION. § 5/4-110, 735 ILCS; ROCK ISLAND PLOW CO. V. REARDON, 222 U.S. 354, 364, 32 S. CT. 164, 56 L. ED. 231 (1912); CENTURY PIPE & SUPPLY CO. V. EMPIRE FACTORS CORP., 19 ILL. APP. 2d 165, 169, 153 N.E. 2d 298, 300 (1958).

WHILE THIS STATEMENT OF ILLINOIS LAW APPEARS DETERMINATIVE OF THE DEFENDANT'S RIGHTS TO THE PROPERTY OF THE PLAINTIFF, UNDER ILLINOIS LAW, "INTANGIBLE" PERSONAL PROPERTY (WHICH INCLUDES CHOSES IN ACTION, JUDGMENTS AND THE RIGHTS THAT ARISE THEREUNDER) CAN NOT BE LEVIED UPON BY WAY OF A WRIT OF EXECUTION. RATHER, IN ORDER FOR THE DEFENDANTS TO OBTAIN THE PLAINTIFF'S INTANGIBLE PERSONAL PROPERTY, THEY MUST HAVE PROCEEDED BY WAY OF A CITATION TO DISCOVER ASSETS PROCEEDING AS DELINEATED BY § 4 OF THE ILL. CODE OF CIV. PROC.

16.

THE ILLINOIS COURTS HAVE HELD THAT FOR STATE LAW PURPOSES, SUCH AS PRIORITIES BETWEEN JUDGMENT LIENS AND SECURITY INTERESTS, THE DEFENDANTS OBTAIN A LIEN ON THE PLAINTIFF'S INTANGIBLE PERSONAL PROPERTY AT THE TIME A WRIT OF EXECUTION IS DELIVERED TO THE SHERIFF, AND NOT AT THE COMMENCEMENT OF THE CITATION TO DISCOVER ASSETS PROCEEDINGS. LEVINE V. PASCAL, 94 ILL. APP. 2d 43, 55, 236 N.E. 2d 425, 430 (1968); CF. MID-WEST NAT'L BANK OF LAKE FOREST V. METCOFF, 23 ILL. APP. 3d 607, 611-12, 319 N.E. 2d 236, 340 (1974). THEREFORE, THE RESPONDENT'S SECURITY INTEREST AND LIEN DID NOT ATTACH TO THE CLAIMANT'S PROPERTY UNTIL MAY OF 2013.

ON THE OTHER HAND, PURSUANT TO 810 ILCS 5/9-401(c) OF THE ILLINOIS UCC, THE PLAINTIFF PERFECTED HIS SECURITY INTEREST IN THE SAME PROPERTY PRIOR TO THE DEFENDANT'S EXECUTION LIEN BY FILING A FINANCING STATEMENT WITH THE SECRETARY OF STATE ON FEBRUARY 21, 2007, SIX YEARS PRIOR TO THE RESPONDENT'S LIEN.

17.

AS STATED ABOVE, ARTICLE 9 OF THE
UNIFORM COMMERCIAL CODE CONTROLS THE
DISPOSITION OF THIS AMENDED COMPLAINT.
ARTICLE 9-322 ET SEQ. OF THE CODE STATES:
CONFLICTING PERFECTED SECURITY INTERESTS
AND... LIENS RANK ACCORDING TO PRIORITY IN
TIME OF FILING OR PERFECTION. PRIORITY
DATES FROM THE EARLIER OF THE TIME A
FILING COVERING THE COLLATERAL IS FIRST
MADE OR THE SECURITY INTEREST OR... LIEN
IS FIRST PERFECTED, IF THERE IS NO PERIOD
THEREAFTER WHEN THERE IS NEITHER FILING
NOR PERFECTION. SUBSECTION (b) OF THIS
ARTICLE STATES: (1) THE TIME OF FILING OR
PERFECTION AS TO A SECURITY INTEREST IN
COLLATERAL IS ALSO THE TIME OF FILING OR
PERFECTION AS TO A SECURITY INTEREST IN
PROCEEDS; AND (2) THE TIME OF FILING OR
PERFECTION AS TO A SECURITY INTEREST IN
COLLATERAL SUPPORTED BY A SUPPORTING OB-
LIGATION IS ALSO THE TIME OF FILING OR
PERFECTION AS TO A SECURITY INTEREST IN

18.

THE SUPPORTING OBLIGATION. FINALLY, SUBSEC. (d) READS: SUBJECT TO SUBSECTION (e) AND EXCEPT AS OTHERWISE PROVIDED IN SUBSECTION (f), IF A SECURITY INTEREST IN CHATTEL PAPER, DEPOSIT ACCOUNTS, NEGOTIABLE DOCUMENTS, INSTRUMENTS, INVESTMENT PROPERTY, LETTER-OF-CREDIT RIGHTS, OR BENEFICIAL INTEREST IN ILLINOIS LAND TRUSTS IS PERFECTED BY A METHOD OTHER THAN FILING, CONFLICTING PERFECTED SECURITY INTERESTS IN PROCEEDS OF THE COLLATERAL RANK ACCORDING TO PRIORITY IN TIME OF FILING.

AS THE PLAINTIFF'S SECURITY INTEREST AND LIEN EXISTED PRIOR TO THE DEFENDANTS' EXECUTION LIEN OF THE COLLATERAL WHICH WAS USED TO SATISFY THE JUDGMENT FROM CAUSE NO. 01:13:CE:10257:01, THE PLAINTIFF IS ENTITLED TO POSSESSION AND CONTROL OF THE JUDGMENT, SALE, PROCEEDS, SUPPORTING OBLIGATIONS, AND OVER ANY OTHER MATTERS ASSOCIATED THEREWITH. IN ACCORD WITH UCC RULES. (810 ILOS 85/9-317)

19.

PERFECTED SECURITY INTERESTS TAKES PRIORITY OVER RIGHTS OF ONE WHO BECOMES A LIEN CREDITOR AFTER THE SECURITY INTEREST IS PERFECTED. PETERSON V. ZEIGLER, APP. 5 DIST. 1976, 39 ILL. APP. 3d 379, 350 N.E. 2d 356.

FURTHERMORE, ARTICLE 9-317 OF THE UCC CODIFIES THE COMMON LAW RULE THAT CONFLICT-ING SECURITY INTERESTS AND RIGHTS OF LIEN CREDITORS (DEFENDANTS) ARE SUBORDINATE TO THE RIGHTS OF A PERSON ENTITLED TO PRIORITY UNDER SECTION 9-322; AND NOTE 3. OF THAT SECTION READS: "SECTION 9-322 STATES GEN-ERAL RULES FOR DETERMINING PRIORITY AMONG CONFLICTING SECURITY INTERESTS AND REFERS TO OTHER SECTIONS THAT STATE SPECIAL RULES OF PRIORITY IN A VARIETY OF SITUATIONS. THE SECURITY INTERESTS GIVEN PRIORITY UNDER SECTION 9-322 AND THE OTHER SECTIONS TO WHICH IT REFERS TAKE PRIORITY IN GENERAL EVEN OVER PERFECTED SECURITY INTEREST. A FORTIORI THEY TAKE PRIORITY OVER AN UNPER-

FECTED SECURITY INTEREST.

AT COMMON LAW, AND IN HARMONY WITH THE UCC, THE PLAINTIFF'S EXEMPT GENERAL INTANGIBLE PROPERTY WAS SUBJECT NEITHER TO ATTACHMENT, EXECUTION, LEVY, NOR TO THE LIEN OF JUDGMENT. THESE FOUR RESULTS ARE PURELY STATUTORY. THE MATERIAL FACTS BRING INTO DISPUTE THE DEFENDANT'S RIGHT TO SELL THE COLLATERAL OF THE PLAINTIFF TO SATISFY THE JUDGMENT IN FAVOR OF THE STATE OF ILLINOIS AS JUDGMENT LIEN CREDITORS. AS A LIEN OF A JUDGMENT AND EXECUTION IS ALMOST UNI- VERSALLY REGARDED AS ARISING FROM THE RIGHT TO SELL THE PROPERTY THEREUNDER, THE RIGHT OF SALE CANNOT BE ASSERTED AND THE EXIST- ENCE OF THE LIEN MUST BE DENIED. LEHMAN V. COTTRELL (2ND DIST. 1939), 298 ILL. APP. 434, 440, 19 N.E. 2d 111; MACDONALD V. CRANDALL, 43 ILL. 231, 236, 92 AM. DEC. 112; HOWARD V. LOGAN, 81 ILL. 383; NICHOLS, SHEPARD & CO. V. SPREMONT, 111 ILL. 631; MOORE V. FLYNN, 135

21.

111. 74, 25 N.E. 844; WIKE BROS. V. GARNEE, 179 Ill. 25T, 53 N.E. 613, 70 AM. ST. REP. 102. AND IF THE LIEN IS DENIED, THE DEFENDANTS NEVER HAD THE RIGHT TO SELL THE PLAINTIFF'S PROPERTY OR OTHERWISE ASSIGN, TRANSFER, OR DISPOSE OF THE SAME IN ANY MANNER AND THE DEFENDANTS STATUS IS REDUCED TO MERE JUDGMENT CREDITORS WHO POSSESS AN UNPERFECTED SECURITY INTEREST. THEREFORE, THE ATTACHMENT, LEVY, EXECUTION, AND SALE OF THE PLAINTIFF'S PROPERTY BY THE DEFENDANTS WAS WRONGFUL, ARBITRARY, AND CAPRICIOUS IN NATURE; AND ALL MATTERS THAT ARE ASSOCIATED WITH AND ATTACH, INCLUDING BUT NOT LIMITED TO THE UNDERLYING JUDGMENT, CHOSES IN ACTIONS, AND ANY AND ALL SUPPORTING OBLIGATIONS, ACCOUNTS, AND ANY OTHER MATTERS THEREIN OR ATTACHED THERETO; BELONG IN POSSESSION AND CONTROL OF THE PLAINTIFF.

THIS AMENDED COMPLAINT IS BROUGHT BEFORE THIS HONORABLE COURT FOR RELIEF SUCH AS PUNITIVE DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF WHICH THE COURT OF CLAIMS HAS NO JURISDICTION OR AUTHORITY TO

22.

GRANT. THE CASE AT BAR WITHIN THAT COURT DEALS STRICTLY WITH MONETARY DAMAGES ONLY.

CONCLUSION

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANT PLAINTIFF'S AMENDED COMPLAINT AND AWARD ANY OTHER RELIEF THIS COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

DWAYNE LITTLEJOHN

PLAINTIFF, PRO SE

23.

## AFFIDAVIT

THE UNDERSIGNED, HAVING FIRST BEEN SWORN UPON OATH, DEPOSES AND STATES THAT THE STATEMENTS SET FORTH HEREIN ARE TRUE AND CORRECT, ARE MADE BASED UPON PERSONAL KNOWLEDGE, EXCEPT AS TO MATTERS THEREIN STATED TO BE BASED UPON INFORMATION AND BELIEF, AND AS TO SUCH MATTERS THE UNDERSIGNED SWEARS AND STATES THAT HE VERILY BELIEVES THE SAME TO BE TRUE AND IF CALLED UPON AS A WITNESS, I WILL TESTIFY TO THEIR VERACITY.

RESPECTFULLY,

DWAYNE LITTLEJOHN

R43595

ROBINSON C.C.

13423 E. 1150TH AVE.

ROBINSON, IL. 62454

SUBSCRIBED TO AND SWORN BEFORE ME THIS 10TH DAY OF JULY, 2014

NOTARY PUBLIC

OFFICIAL SEAL
MEGAN T MAURER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/05/17

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURTHOUSE
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS

049J82032773

$01.15°
06/11/201

Mailed From 60604
US POSTAGE

THIS IS THE
DATE THE
ORDER WAS
SENT. DIDN'T
RECEIVE UNTIL
06/13/14

D.L.

4A

Littlejohn

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE DIV.

# INFORMATION REQUEST

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**2013 MAY 23 PH 4:30**

| A. NAME & PHONE OF CONTACT [optional] | FILING OFFICE ACCT # |
|---|---|

UCU105/23/13:01:3885:
10.00 MU
SOSIL 09:44    547226 RD

B. RETURN TO: (Name and Address)

```
DWAYNE LITTLEJOHN
8727 S. STATE STREET
CHICAGO, IL  60619
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR NAME** to be searched - insert only <u>one</u> debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| LITTLEJOHN | DWAYNE | | |

**2. INFORMATION OPTIONS** relating to UCC filings and other notices on file in the filing office that include as a Debtor name the name identified in item 1:

2a. SEARCH RESPONSE ☐ CERTIFIED (Optional)
   Select <u>one</u> of the following two options: ☑ ALL (Check this box to request a response that is complete, including filings that have lapsed.) ☐ UNLAPSED

2b. COPY REQUEST ☑ CERTIFIED (Optional)
   Select <u>one</u> of the following two options: ☑ ALL ☐ UNLAPSED

2c. SPECIFIED COPIES ONLY ☐ CERTIFIED (Optional)

| Record Number | Date Record Filed (if required) | Type of Record and Additional Identifying Information (if required) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**3. ADDITIONAL SERVICES:**

**STATE OF ILLINOIS**
OFFICE OF THE SECRETARY OF STATE
I hereby certify that this is a true and correct copy,
consisting of ___7___ pages, as taken from the
original on file in this office.

*Jesse White*
JESSE WHITE
SECRETARY OF STATE

DATE: _5/23/2013_
TIME _10.50_ AM/PM
BY: _____

**4. DELIVERY INSTRUCTIONS** (request will be completed and mailed to the address shown in item B unless otherwise instructed here):

4a. ☐ Pick Up
4b. ☐ Other
   Specify desired method <u>here</u> (if available from this office); provide delivery information (e.g., delivery service's name, addressee's account # with delivery service, addressee's phone #, etc.)

FILING OFFICE COPY (1) — NATIONAL INFORMATION REQUEST (FORM UCC11) (REV. 05/09/01)

UCC0191802

SECRETARY OF STATE
UNIFORM COMMERCIAL CODE DIV.

2007 FEB 21 PH 4:30

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

DWAYNE LITTLEJOHN
105 S. ASHLAND AVE. #405
CHICAGO,IL 60607

UCU102/21/07:01:2141:
20.00 CK01
SOSIL 12:07 11824633 FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| LITTLEJOHN | DWAYNE | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4538 N. CLARK ST. #203 | CHICAGO | IL | 60640 | |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| LITTLEJOHN | DWAYNE | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4538 N. CLARK ST. #203 | CHICAGO | IL | 60640 | |

4. This FINANCING STATEMENT covers the following collateral:

THIS IS THE ENTRY OF THE COLLATERAL RECORD OWNER;DWAYNE;LITTLEJOHN AND OF THE DEBTOR; DWAYNE LITTLEJOHN IN THE COMMERCIAL CHAMBER UNDER NECESSITY AND THE FOLLOWING PROPERTY IS HEREBY REGISTERED IN THE SAME:ALL CERTIFICATES OF BIRTH DOCUMENT #112-66-6010970 HEREIN LIENED AND CLAIMED AT A SUM CERTAIN $7,000,000.00,SSN/UCC CONTRACT TRUST ACCOUNT PREPAID ACCOUNT #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 ,EXEMPTION IDENTIFICATION #336642734,ILLINOIS DRIVER LICENSE #3421-6066-039L,SAID REGISTRATION IS TO SECURE THE RIGHTS,TITLE(S),AND INTEREST IN THE BIRTH CERTIFICATE#112-66-6010970 AS RECEIVED BY THE ILLINOIS DEPARTMENT OF HEALTH AND WELFARE (DIVISION OF VITAL STATISTICS)AND ALL DEBENTURES,INDENTURES,ACCOUNTS,AND ALL THE PLEDGES REPRESENTED BY THE SAME INCLUDED BUT NOT LIMITED TO THE PIGNUS,HYPOTHECA,HEREDITMENTS, RES,THE ENERGY AND ALL PRODUCTS DERIVED THEREFROM,NUNC PRO TUNC,BUT NOT LIMITED TO ALL CAPITALIZED NAMES:DWAYNE LITTLEJOHN,D. LITTLEJOHN,OR ANY DERIVATIVES THEREOF,AND ALL CONTRACTS,AGREEMENTS.AND SIGNATURES AND/OR ENDORSEMENTSFACSIMILES.PRINTED.TYPED.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] (ADDITIONAL FEE) | ☐ All Debtors ☑ Debtor 1 ☐ Debtor 2 |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
SECURED PARTY,AUTHORIZED REP.,ATTORNEY-IN-FACT,DWAYNE LITTLEJOHN

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| LITTLEJOHN | DWAYNE | |

**10. MISCELLANEOUS:**

```
UCU102/21/07:01:2141:
        20.00 CK01
SOSIL 12:07  11824633 FS
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only <u>one</u> name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**12.** ☐ **ADDITIONAL SECURED PARTY'S** <u>or</u> ☐ **ASSIGNOR S/P'S NAME** - insert only <u>one</u> name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate.

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**16.** Additional collateral description:

OR PHOTOCOPIED OF OWNER'S NAME PREDICATED ON THE 'STRAW-MAN' LLC(EN LEGIS) DESCRIBED AS THE DEBTOR AND ALL PROPERTY IS ACCEPTED FOR VALUE AND IS EXEMPT FROM LEVY. RECORD OWNER IS NOT THE GUARANTOR OR SURETY TO ANY OTHER ACCOUNT BY EXPLICIT RESERVATION. ADJUSTMENT OF THIS FILING IS FROM PUBLIC POLICY HJR-92 AND UCC 1-104 AND 10-104. ALL PROCEEDS, FIXTURES, PRODUCTS, ACCOUNTS, BAGGAGE, AND THE ORDERS THEREFROM ARE TO BE RELEASED TO THE SECURED PARTY AS THE AUTHORIZED REPRESENTATIVE OF THE DEBTOR.

**17.** Check <u>only</u> if applicable and check <u>only</u> one box.

Debtor is a ☑ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check <u>only</u> if applicable and check <u>only</u> one box.

☑ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years

☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)



UC0495061

## UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

SECRETARY OF STATE
UNIFORM COMM CODE DIV.

2009 OCT -5 PH 4: 30

UCU110/05/09:01:9982:
20.00 CK01
SOSIL 09:43    9006371 AM

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    DWAYNE LITTLEJOHN
    3033 W. WARREN BLVD. 2ND FLOOR
    CHICAGO, ILLINOIS 60612

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 011824633 | |

2. [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [ ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [✓] Secured Party of record. Check only one of these two boxes.
   Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

   [✓] CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   [ ] DELETE name: Give record name to be deleted in item 6a or 6b.   [ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| LITTLEJOHN | DWAYNE | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3033 W. WARREN BLVD. 2ND FLOOR | CHICAGO | IL | 60612 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | [ ] NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
   Describe collateral [ ] deleted or [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| LITTLEJOHN | DWAYNE | | |

10. OPTIONAL FILER REFERENCE DATA

UC0495065

F L O R I D A
SECRETARY OF STATE
UNIFORM COMM CODE DIV.

2009 OCT -5 PM 4:30

UCC110/05/09:01:9983:
20.00 CK01
SOSIL 09:43  9006372 AM

# UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

DWAYNE LITTLEJOHN
3033 W. WARREN BLVD. 2ND FLOOR
CHICAGO, ILLINOIS 60612

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 011824633 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial). Give name of assignee in item 7a or 7b and address of assignee in item 7c, and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor **or** ☐ Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☑ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

DELETE $7,000,000.00 AND REPLACE WITH $100,000,000.00

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| LITTLEJOHN | DWAYNE | | |

10. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

UC0495101

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE DIV.

2009 OCT -5 PM 4:30

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    DWAYNE LITTLEJOHN
    3033 W. WARREN BLVD. 2ND FLOOR
    CHICAGO, ILLINOIS 60612

UCC110/05/09:01:9984:
20.00 CK01
SOSIL 09:43   9006373 AM

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 011824633 | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☑ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☑ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| LITTLEJOHN | DWAYNE | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| | | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1825 W. HARRISON STREET | CHICAGO | IL | 60612 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| LITTLEJOHN | DWAYNE | | |

10. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
DWAYNE LITTLEJOHN                       773-8266324

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

DWAYNE LITTLEJOHN

3033 W. WARREN  BLVD. 2ND FLOOR

CHICAGO, IL, 60612

RECEIVED
IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE
10/30/09      09:03
$20.00     Electronic

**09010576**         AM

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
11824633

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT    (Full or Partial):**    Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| | | | |
|---|---|---|---|
| **6a. ORGANIZATION'S NAME** | | | |
| **6b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

OR

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | | | |
|---|---|---|---|
| **7a. ORGANIZATION'S NAME** | | | |
| **7b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

OR

| **7c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **7d.** SEE INSTRUCTIONS | **ADD'L INFO RE ORGANIZATION DEBTOR** | **7e. TYPE OF ORGANIZATION** | **7f. JURISDICTION OF ORGANIZATION** | **7g. ORGANIZATIONAL ID #, if any** ☐NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted  or ☑ added,  or  give entire ☐ restated collateral description, or  describe collateral ☐ assigned.

AFTER THE WORDS, "EXEMPTION IDENTIFICATION #336642734", ADD: AUTOTRIS & CUSIP #336642734; SECURITY AGREEMENT # SA-020819662734DL; POWER OF ATTORNEY # POA-02081966-2734DL; HOLD HARMLESS INDEMNIFICATION AGREEMENT # HHIA-336642734-DL; COPYRIGHT NOTICE # CLC-02081966DL.

AFTER THE WORDS, "RIGHTS, TITLE(S) AND INTEREST IN", ADD: AND OF THE ROOT OF TITLE AND...

AFTER THE WORDS, "(DIVISION OF VITAL STATISTICS),", ADD: DNA,BLOOD, RETINA SCANS (OF RECORD OWNER) FINGERPRINTS,...

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT**   (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor,  or if this is a Termination authorized by a Debtor, check here ☐  and enter name of DEBTOR authorizing this Amendment.

| | | | |
|---|---|---|---|
| **9a. ORGANIZATION'S NAME** | | | |
| **9b. INDIVIDUAL'S LAST NAME** LITTLEJOHN | **FIRST NAME** DWAYNE | **MIDDLE NAME** | **SUFFIX** |

OR

**10. OPTIONAL FILER REFERENCE DATA**

**FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)**

# PRIVATE SECURITY AGREEMENT

### NON-NEGOTIATIABLE

This Security Agreement is made and entered into this 8th day of February, 1984 by and between **DWAYNE LITTLEJOHN, DEBTOR, hereinafter "DEBTOR," SOCIAL SECURITY ACCOUNT NUMBER 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, and the Dwayne:Littlejohn, Secured Party, hereinafter "Secured Party."** This Security Agreement supersedes the Security Agreement of a prior date. If any part or portion of this Security Agreement is found to be invalid or unenforceable, such part or portion shall not void any other part or portion as reasonably segregable from said part(s). The Parties, hereinafter "Parties," are identified as follows:

**DEBTOR:**

> **DWAYNE LITTLEJOHN [AN ARTIFICIAL CORPORATE ENTITY/PERSON]**
> **4538 N. CLARK ST. #203**
> **CHICAGO, ILLINOIS 60640**
> **UCC CONTRACT TRUST ACCOUNT/ORGANIZATION Number 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 secured**

**Secured Party:**

> Dwayne:Littlejohn [a "Personan Sojourn and one of the people of the Posterity"]
> 4538 N. CLARK ST. #203
> Chicago, Illinois 60640
> **non-domestic without the U.S.**

NOW, THEREFORE, the Parties agree as follows:

## AGREEMENT

In consideration for the Secured Party providing certain accommodations to DEBTOR, *inter alia,* to the Secured Party:

Debtor, who deems himself insolvent, hereby under necessity, grants the above Secured party a security interest in the collateral described herein, on any Schedule A's, and as may appear on all UCC filings referred to as "collateral," to secure all DEBTOR'S property as well as all so-called income from whatever source derived, direct, indirect, absolute or contingent, due or to become due, hereinafter arising, held in any account with its due interest, parole or expressed public indebtedness and liabilities held by DEBTOR presented to DEBTOR, to Secured party in consideration for Secured Party providing certain things and accommodations for DEBTOR, including but not limited to:

1. Constituting the source, origin, substance, and being, i.e. basis of "pre-existing claim," from which the existence of DEBTOR was derived and on the basis of which DEBTOR is able to function as a transmitting utility to conduct Commercial Activity as a conduit for the transmission of goods and services to the Secured Party, and to interact, contract, and exchange goods, services, obligations, and liabilities with other DEBTORS, corporations, and artificial persons in Commerce;

2. Signing by accommodation for DEBTOR in all cases whatsoever wherein any signature of DEBTOR is required;

3. Issuing a binding commitment to extend credit or for the extension of immediately available credit, whether or not drawn upon and whether or not a chargeback is provided for in the event of difficulties in collection;

4. Providing the security for payment of all sums due or owing, or to become due or owing, by DEBTOR; and

5. Constituting the source of the assets, via the sentient existence, exercise of faculties, and labor of the Secured Party, that provide the valuable consideration sufficient to support any contract which DEBTOR may execute or to which DEBTOR may be regarded as bound by any person whatsoever, DEBTOR hereby confirms that this Security Agreement is a duly executed, signed, and sealed private contract entered into knowingly, intentionally, and voluntarily by DEBTOR and Secured Party, wherein and whereby DEBTOR:

   a. Voluntarily enters DEBTOR in the Commercial Registry;

   b. Transfers and assigns to the Secured Party a security interest in the Collateral described herein below; and

   c. Agrees to be, act, and function in law and commerce, as the unincorporated, proprietary trademark of the Secured Party for exclusive and discretionary use by the Secured Party in any manner that the Secured Party, by Sovereign and Unalienable Right, elects.

## PUBLIC LAWFUL NOTICE

Filing of this Security Agreement by the Parties constitutes open, lawful, public notice that:

1. The law, venue, and jurisdiction of this Security Agreement is the ratified, finalized, signed, and sealed private contract freely entered into by and between DEBTOR and the Secured Party as registered herewith.

2. This Security Agreement is contractually complete herein and herewith and cannot be abrogated, altered, or amended, in whole or part, without the express, written consent of both DEBTOR and the Secured Party.

3. The Secured Party signing, signs by accommodation for the DEBTOR, when necessary, in every manner where the DEBTOR'S signature is required. The Secured Party reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.

4. The Secured Party as Creditor, with standing and capacity, agrees to issue or extend credit, on behalf of the DEBTOR, whether or not such credit is drawn upon or not reimbursed in the event of difficulties in collection thereof.

5. DEBTOR is the commercial transmitting utility, and unincorporated, proprietary trademark of the Secured Party with DEBTOR name being common law copyrighted and all property of DEBTOR is the secured property of the Secured Party.

6. Any unauthorized use of DEBTOR or DEBTORS name in any manner that might influence, affect, pertain to, or be presumed to pertain to the Secured Party in any manner is expressly prohibited without the written consent of the Secured Party.

7. DEBTOR declares it is an "Ens legis" legal entity recognized as such and has rights and privileges recognized under the laws of the UNITED STATES, Inc., and has been the case since its creation in 1962.

8. All legal means to protect the security interest being established by this Agreement will be used by the Secured Party whenever necessary and all support needed by the Secured Party to protect his/her security interest in the collateral herein identified or otherwise added will be provided by the Secured Party including but not limited by commercial/tort lien process, by agreement of the DEBTOR.

Execution of this security agreement incorporates a promise that the DEBTOR will direct the execution of such commercial forms, including but not limited to financing statements such as may be necessary to assure that the Secured Party's interest is perfected and protected. The security interest established by this agreement will continue until the Secured Party is relieved of all liability associated herein to the DEBTOR, and until all owing and due consideration to the Secured Party has been delivered, regardless of whether the collateral identified in this agreement is in the possession of the DEBTOR or the Secured Party.

DEBTOR warrants that Secured Party's claim against the collateral is enforceable according to the terms and conditions expressed herein and according to all applicable laws promulgated for the purpose of protecting the interest of a creditor against a debtor.

DEBTOR also warrants that it holds good and marketable title to the collateral, free and clear of all actual and lawful liens and encumbrances except for the interest established therein, and except for substantial interest as may have been privately established by agreement of the parties with attention to the elements necessary to establish a valid contract under international contract law.

Public encumbrances presented to or belonging to the DEBTOR against the collateral shall remain secondary to this agreement, unless registered prior to the registration of Secured Party's interest in the same collateral, as is well-established in international commercial law.

## GENERAL PROVISIONS
### Possession of Collateral

Collateral or evidence of collateral may remain in the possession of the DEBTOR, to be kept at the address given in this agreement by the DEBTOR or such other place(s) approved by Secured Party, and notice of changes in location must be made to the Secured Party within ten (10) days of such relocation. DEBTOR agrees not to otherwise remove the collateral except as is expected in the ordinary course of business, including sale of inventory, exchange, and other acceptable reasons for removal. When in doubt as to the legal ramifications for relocation, DEBTOR agrees to acquire prior written authorization from the Secured Party. DEBTOR may possess all tangible personal property included in collateral, and have beneficial use of all other collateral, and may use it in any lawful manner not inconsistent with this agreement, except that DEBTOR'S right to possession and beneficial use may also apply to collateral that is in the possession of the Secured Party if such possession is required by law to perfect Secured Party's interest in such collateral. If Secured Party, at any time, has possession of any part of the collateral, whether before or after an event of default, Secured Party shall be deemed to have exercised reasonable care in the custody and preservation of the collateral, if Secured Party takes such action for that purpose as deemed appropriate by the Secured Party under the circumstances.

### Proceeds and Products from Collateral

Unless waived by secured party, all proceeds and products from the disposition of the collateral, for whatever reason, shall be held in trust for Secured Party and shall not be commingled with any other accounts or funds without the consent of the Secured Party. Notice of such proceeds shall be delivered to Secured Party immediately upon receipt. Except for inventory sold or accounts collected in the ordinary course of DEBTOR'S public business, DEBTOR agrees not to sell, offer to sell, or otherwise transfer or dispose of the collateral; nor to pledge, mortgage, encumber, or otherwise permit the collateral to be subject to a lien, security interest, encumbrance, or charge, other than the security interested established by this agreement, without the prior written consent of the Secured Party.

### Maintenance of Collateral

DEBTOR agrees to maintain all tangible collateral in good condition and repair, and not to commit or permit damage to or destruction of the collateral or any part of the collateral. Secured Party and his designated representatives and agents shall have the right at all reasonable times to examine, inspect, and audit the collateral wherever located. DEBTOR shall immediately notify secured party of all cases involving the return, rejection, repossession, loss, or damage of or to the collateral; of all requests for credit or adjustment of collateral, or dispute arising with respect to the collateral; and generally of all happenings and events affecting the collateral or the value or the amount of the collateral.

### Compliance with Law

DEBTOR shall comply promptly with all laws, ordinances, and regulations of all governmental authorities applicable to the production, disposition, or use of the collateral. DEBTOR may contest in good faith any such law, ordinance, or regulation without compliance during a proceeding, including appropriate appeals, so long as Secured Party's interest in the collateral, in Secured Party's opinion, is not jeopardized. Secured Party may, at his option, intervene in any situation that appears to place the collateral in jeopardy.

### Public Disputes

DEBTOR agrees to pay all applicable taxes, assessments and liens upon the collateral when due; provided that such taxes, assessments, and liens are proved to be superior to the lawful claim established by this agreement and subsequently perfected by the Secured Party by appropriate

registration. In the event that DEBTOR elects to dispute such taxes, assessments, and liens, Secured Party's interest must be protected at all times, at the sole opinion of the Secured Party, who may, at his option, intervene in any situation that appears to jeopardize Secured Party's interest in the collateral. DEBTOR may elect to continue pursuit of dispute of such taxes, assessments, and liens, only upon production of a surety bond by public claimant(s), in favor of the secured party, sufficient to protect secured party from loss, including all costs and fees associated with such dispute. Should public judgment against the DEBTOR result from such dispute, DEBTOR agrees to satisfy such judgment from its accounts established and managed by the UNITED STATES or its subdivisions, agents, officers, or affiliates, so as not to adversely affect the Secured Party's interest in the Collateral.

### Indemnification

Debtor hereby indemnifies Secured Party from all harm as expressed in the attached indemnity bond, incorporated herein as if fully set forth within this security agreement.

### SUBORDINATION OF DEBTOR'S DEBTS
### TO SECURED PARTY

Providing Secured Party, subsequent to the execution of this agreement, perfects his security interest in the collateral by appropriate registration, DEBTOR agrees that its indebtedness to the Secured Party, whether now existing or hereafter created, shall have priority over unregistered claims that third parties may raise against DEBTOR or the collateral, whether or not debtor becomes insolvent. Debtor hereby expressly subordinates any claim that DEBTOR may have against Secured Party, upon any account whatsoever, to the claim that Secured Party has or will have against the DEBTOR.

If Secured Party so requests, all notes or credit agreements now or hereafter established, evidencing debts or obligation of DEBTOR to third parties, shall be marked with a legend that the same are subject to this agreement and shall be delivered to Secured Party. Debtor agrees, and Secured Party hereby is authorized, in the name of the DEBTOR, to execute and file such financing statements and other commercial statements, as Secured Party deems necessary or appropriate to perfect, preserve, and enforce his/her rights under this agreement.

### FIDELITY BOND

Know all men by these presents, that DEBTOR, DWAYNE LITTLEJOHN, establishes this bond in favor of the Secured Party, Dwayne:Littlejohn, in the sum of present Collateral Values up to the penal sum of One Hundred Million United States Dollars ($100,000,000.00), for the payment of which bond, well and truly made, DEBTOR binds DEBTOR and DEBTOR'S heirs, executors, administrators, and third-party assigns, jointly and severally, by these presents.

The condition of the above bond is: the Secured Party covenants to do certain things on behalf of DEBTOR, as set forth above in Agreement, and DEBTOR, with regard to conveying goods and services in Commercial Activity to the Secured Party, covenants to serve as a "commercial" transmitting utility therefore and, as assurance of fidelity, grants to the Secured Party a Security Interest in the herein below described Collateral.

This bond shall be in force and effect as of the date hereon and until the DEBTOR; DWAYNE LITTLEJOHN, is released from liability by the written order of the UNITED STATES GOVERNMENT and provided that said DEBTOR'S authorized agent; Dwayne:Littlejohn may cancel this bond and be relieved of further liability hereunder by delivering thirty (30) day written notice to DEBTOR. No such cancellation shall affect any liability incurred or accrued hereunder prior to the termination of said thirty (30) day period.

In such event of notice cancellation, DEBTOR agrees to reissue the bond before the end of said thirty (30) day period for an amount equal to or greater than the above-stated value of the Security Agreement, unless the Parties agree otherwise.

## INDEMNITY CLAUSE

DEBTOR, without the benefit of discussion, does hereby agree, covenant, and undertake to indemnify, defend and hold the Secured Party harmless from and against any and all claims, losses, liabilities, costs, interests, and expenses, hereinafter referred to as "Claims" or "Claim," which Claims include, without restriction, all legal costs, interests, penalties, and fines suffered or incurred by the Secured Party, in accordance with the Secured Party's personal guarantee with respect to any loan or indebtedness of DEBTOR, including any amount DEBTOR might be deemed to owe to any creditor for any reason whatsoever.

The Secured Party shall promptly advise DEBTOR of any Claim and provide DEBTOR with full details of said Claim, *inter alia,* copy of any document correspondence, suit, or action received by or served upon the Secured Party. The Secured Party shall fully cooperate with DEBTOR in any discussion, negotiation, or other proceeding relating to any Claim.

## OBLIGATIONS SECURED

The security interest granted herein secures any and all indebtedness and liability whatsoever of DEBTOR to the Secured Party, whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, and however evidenced.

## COLLATERAL

The collateral to which this Security Agreement pertains to, *inter alia,* all herein below described personal and real property of DEBTOR, now owned or hereafter, acquired by DEBTOR, in which the Secured Party holds all interest. DEBTOR retains possession and use, and rights of possession and use, of all collateral, and all proceeds, products, accounts, and fixtures, and the Orders there from, are released to DEBTOR.

Before any of the below-itemized property can be disbursed, exchanged, sold, tendered, forfeited, gifted, transferred, surrendered, conveyed, destroyed, disposed of, or otherwise removed from DEBTOR'S possession, settlement via Notice of Lien herein must be satisfied in full and acknowledgment of same completed to satisfaction of Secure Party.

1. All proceeds, products, accounts, and fixtures from crops, mine head, wellhead, with transmitting utilities, etc;

2. All rents, wages, and income;

3. All land, mineral, water, and air rights;

4. All cottages, cabins, houses, and buildings;

5. All bank accounts, bank "safety" deposit boxes and the contents therein, credit card accounts, mutual fund accounts, certificates of deposit accounts, checking accounts, savings accounts, retirement plan accounts, stock, bonds, securities, and benefits from trusts;

6. All inventory in any source;

7. All machinery, either farm or industrial;

8. All boats, yachts, and water craft, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia*: all motors, engines, ancillary equipment, accessories, parts, tools, instruments, electronic equipment, navigation aids, service equipment, lubricants, and fuels and fuel additives;

9. All aircraft, gliders, balloons, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia:* all motors, engines, ancillary equipment, accessories, parts, tools, instruments, electronic equipment, navigation aids, service equipment, lubricants, and fuels and fuel additives;

10. All motor homes, trailers, mobile homes, recreational vehicles, house, cargo, and trailers, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia:* all ancillary equipment, accessories, parts, service equipment, lubricants, and fuels and fuel additives;

11. All livestock and animals, and all things required for the care, feeding, use, and husbandry thereof;

12. All vehicles, autos, trucks, four-wheel vehicles, trailers, wagons, motorcycles, bicycles, tricycles, wheeled conveyances;

13. All computers, computer-related equipment and accessories, electronically stored files or data, telephones, electronic equipment, office equipment and machines;

14. All visual reproduction systems, aural reproduction Systems, motion pictures, films, video tapes, audio tapes, sound tracks, compact discs, phonograph records, film, video and aural production equipment, cameras, projectors, and musical instruments;

15. All manuscripts, booklets, pamphlets, treatises, treatments, monographs, stories, written material, libraries, plays, screenplays, lyrics, songs, music;

16. All books and records of DEBTOR;

17. All Trademarks, Registered Marks, copyrights, patents, proprietary data and technology, inventions, royalties, good will;

18. All scholastic degrees, diplomas, honors, awards, meritorious citations;

19. All records, diaries, journals, photographs, negatives, transparencies, images, video footage, film footage, drawings, sound records, audio tapes, video tapes, computer production or storage of all kinds whatsoever, of DEBTOR;

20. All fingerprints, footprints, palm prints, thumbprints, RNA materials, DNA materials, blood and blood fractions, biopsies, surgically removed tissue, bodily parts, organs, hair, teeth, nails, semen, urine, other bodily fluids or matter, voice-print, retinal image and the descriptions thereof, and all other corporal identification factors, and said factors' physical counterparts, in any form, and all records, record numbers, and information pertaining thereto;

21. All biometrics data, records, information, and processes not elsewhere described, the use thereof; and the use of the information contained therein or pertaining thereto;

22. All Rights to obtain, use request, or refuse or authorized the administration of, any food, beverage, nourishment, or water, or any substance to be infused or injected into, or affecting the body by any means whatsoever;

23. All Rights to request, refuse, or authorized the administration of; any drug, manipulation, material, process, procedure, ray, or wave which alters, or might alter the present or future state of the body, mind, spirit, or will by any means, method, or process whatsoever;

24. All keys, locks, lock combinations, encryption codes or keys, safes, secured places, and security devices, security programs, and any software, machinery, or devices related thereto;

25. All Rights to access and use utilities upon payment of the same unit costs as the comparable units of usage offered to most-favored customers, *inter alia,* cable, electricity, garbage, gas, internet, satellite, sewage, telephone, water, www, and all other methods of communication, energy transmission, and food or water distribution;

26. All Rights to barter, buy contract, sell, or trade ideas, products, services, or work;

27. All Rights to create, invent, adopt, utilize, or promulgate any system or means of currency, money, medium of exchange, coinage, barter, economic exchange, bookkeeping, record-keeping, and the like;

28. All Rights to use any free, rented, leased, fixed, or mobile domicile, as though same were a permanent domicile, free from requirement to apply for or obtain any government license or permission and free from entry, intrusion, or surveillance, by any means regardless of duration of lease period, so long as any required lease is currently paid or a subsequent three-day grace period has not expired;

29. All Rights to manage, maneuver, direct, guide, or travel in any form of automobile or motorized conveyance whatsoever without any requirement to apply for or obtain any government license, permit, certificate, or permission of any kind whatsoever;

30. All Rights to marry, and procreate children, and to rear, educate, train, guide, and spiritually enlighten any such children, without any requirement to apply for or obtain any government license, permit, certificate, or permission of any kind whatsoever;

31. All Rights to buy, sell, trade, grow, raise, gather, hunt, trap, angle, and store food, fiber, and raw materials for shelter, clothing, and survival;

32. All Rights to exercise freedom of religion, worship, use of sacraments, spiritual practice, and expression without any abridgment of free speech, or the right to publish, or the right to peaceably assemble, or the right to petition Government for redress of grievances, or petition any military force of the United States for physical protection from threats to the safety and integrity of person or property from either "public" or "private" sources;

33. All Rights to Keep and Bear Arms for self-defense of self; family, and parties entreating physical protection of person or property;

34. All Rights to created, preserve, and maintain inviolable, spiritual sanctuary and receive into same any and all parties requesting safety and shelter;

35. All Rights to create documents of travel of every kind whatsoever, *inter alia,* those signifying diplomatic status and immunity as a free, independent, and Sovereign State-in-fact;

36. All claims of ownership or certificates as of title to the corporeal and incorporeal hereditaments, hereditary succession, and all innate aspects of being, *i.e.* mind, body, soul, free will, faculties, and self;

37. All Rights to privacy and security in person and property, *inter alia,* all Rights to safety and security of all household or sanctuary dwellers or guests, and all papers and effects to belonging to DEBTOR or any household or sanctuary dwellers or guests, against governmental, quasi-governmental, *defacto* governmental, or private intrusion, detainer, entry, seizure, search, surveillance, trespass, assault, summons, or warrant, except with proof of superior claim duly filed in the Commercial Registry by any such intruding party in the private capacity of such intruding party, notwithstanding whatever purported authority, warrant, order, law, or color of law may be promulgated as the authority for any such intrusion, detainer, entry, seizure, search, surveillance, trespass, assault, summons, or warrant;

38. All names used and all Corporations Sole executed and filed, or to be executed and filed, under said names;

39. All intellectual property, *inter alia,* all speaking and writing;

40. All signatures and seals;

41. All present and future retirement incomes, and rights to such incomes, issuing from any of DEBTOR'S accounts;

42. All present and future medical and healthcare rights, and rights owned through survivorship, from any of DEBTOR'S accounts;

43. All applications, filings, correspondence, information, identifying marks, image licenses or travel document, materials, permits, registrations, and records and records numbers held by any entity, for any purpose, however acquired, as well as the analyses and uses thereof, and any use of any information and images contained therein, regardless of creator, method, location, process, or storage form, *inter alia,* all processed algorithms analyzing, classifying, comparing, compressing, displaying, identifying, processing, storing, or transmitting said applications, filings, correspondence, information, identifying marks, image licenses or travel documents, materials, permits, registrations, and records and records numbers, and the like;

44. All library cards;

45. All credit, charge, and debit cards, and mortgages, notes applications, card numbers, and associated records and information;

46. All credit of DEBTOR;

47. All traffic citations/tickets;

48. All parking citations/tickets/

49. All court cases and judgments, past, present, and future, in any court whatsoever, and all bonds, orders, warrants, and other matters attached thereto or derived there from;

50. All precious metals, bullion, coins, jewelry, precious jewels, semi-precious stones, mounts, and any storage boxes within which said items are stored;

51. All tax correspondence, filings, notices, coding, record numbers, and any information contained therein, wherever and however located, and no matter by whom said information was obtained, compiled, codified, recorded, stored, analyzed, processed, communicated, or utilized;

52. All bank accounts, bonds, certificates of deposit, drafts, futures, insurance policies, investment securities, Individual Retirement Accounts, money market accounts, mutual funds, notes, options, puts, calls, pension plans, savings accounts, stocks, warrants, 401-K's, and the like;

53. All accounts, deposits, escrow accounts, lotteries, overpayments, prepayments, prizes, rebates, refunds, returns, Treasury Direct Accounts, claimed and unclaimed funds, and all records and records numbers, correspondence, and information pertaining thereto or derived there from;

54. All cash, coins, money, Federal Reserve Notes, and Silver Certificates;

55. All drugs, herbs, medicine, medical supplies, cultivated plants, growing plants, inventory, ancillary equipment, supplies, propagating plants, and seeds, and all related storage facilities and supplies;

56. All products of and for agriculture, and all equipment, inventories, supplies, contracts, accoutrements involved in the planting, tilling, harvesting, processing, preservation, and storage of all products of agriculture;

57. All farm, lawn, and irrigation equipment, accessories, attachments, hand-tools, implements, service equipment, parts, and supplies, and storage sheds and contents;

58. All fuel, fuel tanks, containers, and involved or related delivery systems;

59. All metal-working, woodworking, and other such machinery, and all ancillary equipment, accessories, consumables, power tools, hand tools, inventories, storage cabinets, toolboxes, work benches, shops, and facilities;

60. All camping, fishing, hunting, and sporting equipment, and all special clothing, materials, supplies, and baggage related thereto;

61. All rifles and guns and related accessories, and ammunition and the integral components thereof;

62. All radios, televisions, communication equipment, receivers, transceivers, transmitters, antennas, and towers and all ancillary equipment, supplies, computers, software programs, wiring, and related accoutrements and devices;

63. All power-generating machines or devices, and all storage, conditioning, control, distribution, wiring, and ancillary equipment pertaining or attached thereto;

64. All computers and computer Systems and the information contained therein, as well as all ancillary equipment, printers, and data compression or encryption devices and processes;

65. All office and engineering equipment, furniture, ancillary equipment, drawings tools, electronic and paper files, and items related thereto;

66. All water wells and well-drilling equipment, and all ancillary equipment, chemicals, tools, and supplies;

67. All shipping, storing, and cargo containers, and all chassis, truck trailers, vans, and the contents thereof; whether on-site, in transit, or in storage anywhere;

68. All building materials and prefabricated buildings, and all components or materials pertaining thereto, before or during manufacture, transportation, storage, building, erection, or vacancy while awaiting occupancy thereof;

69. All communications and data, and the methods, devices, and forms of information storage and retrieval, and the products of any such stored information;

70. All books, drawings, magazines, manuals, and reference materials regardless of physical form;

71. All artwork, paintings, etchings, photographic art, lithographs, and serigraphs, and all frames and mounts pertaining or affixed thereto;

72. All food, and all devices, tools, equipment, vehicles, machines, and related accoutrements involved in food preservation, preparation, growth, transport, and storage;

73. All construction machinery and all ancillary equipment, supplies, materials, fuels, fuel additives, supplies, materials, and service equipment pertaining thereto;

74. All medical, dental, optical, prescription, and insurance records, records numbers, and information contained in any such records or pertaining thereto;

75. The Will of DEBTOR:

76. All inheritances gotten or to be gotten;

77. All wedding bands and rings, watches, wardrobe, and toiletries;

78. All household goods and appliances, linen, furniture, kitchen utensils, cutlery, tableware, cooking utensils, pottery, antiques;

79. All business, corporations, companies, trusts, partnerships, limited partnerships, organizations, proprietorships, and the like, now owned or hereafter acquired, and all books and records thereof and there from, all income there from, and all accessories, accounts, equipment, information, inventory, money spare parts, and computer software pertaining thereto;

80. All packages, parcels, envelopes, or labels of any kind whatsoever which are addressed to, or intended to be addressed to, DEBTOR, whether received or not received by DEBTOR;

81. All telephone numbers;

82. Any property not specifically listed, named, or specified by make, model, serial number, etc., is expressly herewith included as collateral of DEBTOR as applies to any and all 'property' as described in detail in additional filed UCC-1's or UCC-3's under necessity in the exercise of the right of Redemption in behalf of the DEBTOR.


NOTE: Secured Party reserves the right to add or amend this private security agreement by addition of Schedule A's as needed or necessary on behalf of the DEBTOR.

### ADVISORY

All instruments and documents referenced/itemized above are accepted for value, with all related endorsements, front and back, in accordance with UCC § 3-419 and House Joint Resolution 192 of June 5, 1933. This Security Agreement is accepted for value, property of the Secured Party,

and not dischargeable in bankruptcy court as Secured Party's property is exempt from third-party levy. This Security Agreement supersedes all previous contracts or security agreements between DEBTOR and the Secured Party.

DEBTOR agrees to notify all of DEBTOR'S former creditors, would-be creditors, and any would-be purchasers of any herein-described Collateral, of this Security Agreement, and all such personages are expressly so-noticed herewith.

This Security Agreement devolves on the Secured Party's heirs and assigns, who are equally as authorized, upon taking title to this Security Agreement, as the Secured Party to hold and enforce said Security Agreement via non-negotiable contract, devise, or any lawful commercial remedy.

The Secured Party will sign by accommodation on behalf of the debtor when necessary wherever the signature of the Debtor will be required. Secured Party signs for the Debtor as "agent" and/or "Authorized Representative"of the DEBTOR. The Secured Party reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.

The Secured Party may/shall issue a binding commitment to extend credit in any capacity or matter, whether or not reimbursed in the event of dishonor or difficulties in collection; and the Secured Party in providing the security for payment (discharge) of all sums due or owing, or to become due or owing by the DEBTOR per any and all due commercial public or corporate presentments via contract or otherwise upon the DEBTOR.

### DEFAULT

The following shall constitute the event(s) of default hereunder.

1. Failure by DEBTOR to pay any debt secured hereby when due;

2. Failure by DEBTOR to perform any obligations secured hereby when required to be performed;

3. Any breach of any warranty by DEBTOR contained in this Security Agreement; or

4. Any loss, damage, expense, or injury accruing to Secured Party by virtue of the commercial transmitting-utility function of DEBTOR.

5. Evidence that a statement, warranty, or representation made or implied in this agreement by DEBTOR, is false or misleading in any material respect, either now or at the time made or furnished.

6. Dissolution of termination of DEBTOR'S existence as a legal entity, the insolvency of DEBTOR, the appointment of a receiver for all or any portion of DEBTOR'S property, an assignment for the benefit of public creditors, or the commencement of proceedings under bankruptcy or insolvency laws by or against DEBTOR.

7.  Commencement of foreclosure, whether by action of a tribunal, self-help, repossession, or other method, by a creditor of DEBTOR against the collateral.

8.  Garnishment of DEBTOR'S deposit accounts or employment funds.

### Cure of Default

If a fault or dishonor under this agreement is curable through an account held by DEBTOR but managed by the UNITED STATES or one of its subdivisions, agents, officers, or affiliates, such fault or dishonor may be cured by the debtor with authorization by Secured Party; and upon advice by the fiduciary that the fault or dishonor has been cured, and no event of default will have occurred. A dishonor under this agreement, initiated by third party intervention, will not cause a default if such intervention is challenged by debtor by its good faith effort to confirm or disprove the validity or reasonableness of a public claim which is the basis of the public creditor's proceeding; but debtor must, in that event, deposit such surety with secured party as is necessary to indemnify the secured party from loss.

### Acceleration

In the event of default, Secured Party may declare the entire indebtedness immediately due and payable without notice.

### Liquidation of Collateral

In the event of default, Secured Party shall have full power to privately or publicly sell, lease, transfer, or otherwise deal with the collateral or proceeds or products there-from, in his own name or in the name of the DEBTOR. All expenses related to the liquidation of collateral shall become a part of the DEBTOR'S indebtedness. Secured Party may, at his discretion, transfer part or all of the collateral to his/her own name or to the name of nominee.

### Rights and Remedies

The Secured Party shall have all the rights and remedies of a Secured Creditor under the provisions of the Uniform Commercial Code as it has been adopted in the state where part or all of the collateral is located or presumed to be located, including but not limited to, the right to proceed with self-help with or without a public court or tribunal. Rights and remedies available to secured party may be exercised singularly or jointly and in all venues and jurisdictions concurrently at the sole discretion of the Secured Party.

### MISCELLANEOUS PROVISIONS

This agreement, together with all related documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this agreement. No alteration of or amendment to this agreement shall be effective unless expressed in writing and signed by both parties.

## Amendments

This agreement, together with all related documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this agreement. No alteration of or amendment to this agreement shall be effective unless expressed in writing and signed by both parties.

## Applicable Law

The governing law of this Agreement is the agreement of the Parties, supported by the Uniform Commercial Code as adopted by the legislature of all States and the STATE OF ILLINOIS, international contract law, the unwritten Law Merchant as practiced before the Uniform Commercial Code was promulgated and applicable maxims of law.

## Expenses

Debtor agrees to pay upon demand, from such accounts as debtor may have, all Secured Party's cost and expenses, including reasonable attorney's fees and other expenses incurred by the Secured Party to defend or enforce the provisions of this agreement.

## Indebtedness

The word "indebtedness" means the indebtedness evidenced by this agreement as a claim against the DEBTOR and all its present and future possessions identified in this agreement as collateral; and all public obligations, debts, and liabilities ascribed to DEBTOR through its contracts and agreements, whether expressed or implied, known or unknown, or actual or constructive, that are with the UNITED STATES or its subdivisions, agents, officers, affiliates, or other public entities; and all claims made by Secured Party against DEBTOR, whether existing now or in the future, whether they are voluntary or involuntary, due or not due, direct or indirect, absolute or contingent, liquidated or unliquidated, regardless of whether DEBTOR is or may be liable individually or jointly, or is obligated as, or beneficiary of, a surety or accommodation party.

## Related Documents

The phrase "related documents" means all promissory notes, credit agreements, loan agreements, guaranties, security agreements, mortgages, deeds of trust, applications, accounts, licenses, policies, permits, identification cards, account cards, receipts, forms, and all other documents and instruments that DEBTOR or its previous surety has or will execute in connection with the DEBTOR'S total indebtedness.

## Notices

Except for revocation notices by DEBTOR, all notices required to be given by either party under this agreement, shall be in writing and shall be effective when actually delivered or when deposited with the United States Post Office or a nationally recognized courier service, first class postage prepaid, addressed to the party to whom the notice is to be given at the address shown on this agreement or to such other address as either party may designate to the other in writing.

## Severability

If one or more provisions of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a qualified court finds that one or more provisions of this agreement is invalid or unenforceable, such provision(s) shall be deemed to be written, construed, and enforced as so limited. In the event that such a finding and limitation causes damage or hardship to either party, the agreement shall be amended in a lawful manner to make all parties whole.

### Waiver of Contractual Right

The failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver of limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this agreement. Secured party shall not be deemed to have waived rights under this agreement unless such waiver is given in writing and signed by secured party. No delay or omission on the part of Secured Party in exercising a right shall operate as a waiver of such right or any other right. A waiver by Secured Party of a provision of this agreement shall not prejudice or constitute a waiver of secured party's right otherwise to demand strict compliance with that provision or any other provision of this agreement. No prior waiver by Secured Party, nor any course of dealing between Secured Party and DEBTOR, shall constitute a waiver of Secured Party's rights or of DEBTOR'S obligations under this agreement as to future transactions. Whenever the consent of Secured Party is required under this agreement, the granting of such consent by secured party in one instance shall not constitute consent over the whole.

### Ambiguities and Interpretation

Each party acknowledges receipt of this agreement and has had the opportunity to have counsel review it. Any rule of construction claiming ambiguities is to be resolved against the drafting party and shall not apply in the interpretation of this agreement or its amendments. All statements in this instrument are important to the parties. Misunderstandings have been resolved prior to execution.

### Authority to Represent

A signer of this agreement on behalf of a legal entity certifies that he has the authority to sign this agreement and that this transaction has been duly authorized by such entity.

### Gender

All references within this agreement to a specific gender, include the other.

The Secured Party reserves the right to satisfy any judgment, lien, levy, debt, or obligation, whether unsecured, secured or purported to be secured, against DEBTOR by executing a Bill of Exchange against the Fidelity Bond registered herewith.

### SIGNATURES
Applicable to all Successors and Assigns

The Secured Party executes this Security Agreement certified and sworn on the Secured Party's unlimited liability true, correct, and complete, and accepts all signatures in accord with UCC § 3-419.

DWAYNE LITTLEJOHN, DEBTOR;

*DWAYNE LITTLEJOHN*

_____ : ⓐ

Dwayne:Littlejohn, Secured Party

## ACKNOWLEDGMENT

ILLINOIS STATE  )
               ) Scilicet
County of Cook  )

SUBSCRIBED TO AND SWORN before me this 31ˢᵗ day of July 2013 a Notary, that
Dwayne:Littlejohn, personally appeared and known to me to be the man whose name subscribed to the
within instrument and acknowledged to be the same.

Aiesha T. Bogan    Seal;
Notary Public in and for said State
My Commission expires: 11-29-15

"OFFICIAL SEAL"
Aiesha T. Bogan
Notary Public, State of Illinois
My Commission Expires November 29, 2015

See attached:  Schedule A and Indemnity Bond.

# SCHEDULE A

This Schedule A dated February 8, 1984 attached to and incorporated in the attached security agreement dated the same date, as though fully set forth therein. The following partial itemization of property constitutes a portion of the collateral referenced in said security agreement, and is not intended to represent the actual and full extent of said collateral. This Schedule A supplements previous security agreements describing collateral, that may have been entered by the same parties.

A.  Income from every source

B.  Proceeds of Secured Party's labor from every source

C.  Application for STATE OF ILLINOIS CERTIFICATION OF BIRTH #112-66-6010970, and all other Certificates of Birth, Certificates of Living Birth, Notifications of Registration of Birth, or Certificates of Registration of Birth, or otherwise entitled documents of birth whether county, state, federal, or other either ascribed to or derived from the name of the debtor identified above, or based upon the above described birth document.

D.  Application for Social Security #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

E.  ILLINOIS Driver License #3421-6066-039L

F.  Exemption ID #336642734

G.  Copyright Notice #CLC-02081966DL

H.  Power Of Attorney #02081966-2734DL

I.  Hold Harmless and Indemnification Agreement #HHIA-336642734-DL

J.  UCC File Number #11824633 and all addendums

K.  All property listed on the Legal Notice and Demand that is filed in COOK COUNTY, ILLINOIS register of deeds, office, including but not limited to the following: all DNA, fingerprints, all biological identification, all blood, all bodily fluids, all bodily excretions, all organs, all body parts, all bodily tissues, all thoughts, all intellectual property, are the sole property of, the Secured Party Creditor. These items of property cannot be taken, used, duplicated, confiscated, confined, restrained, abused, damaged, influenced, or removed from the Secured Party Dwayne:Littlejohn, without his voluntary written permission. Any violation of this agreement will constitute a penalty of one hundred million 99.999% one ounce silver coins, per occurrence, per officer or agent involved. This is a contract in admiralty and you may rebut this contact within 21 days. Rebuttal must be per the conditions found in the "Legal Notice and Demand" that is on file, along with this document, in the register of deeds office in COOK COUNTY, ILLINOIS.

**All Property Belonging to the DEBTOR belongs to the Creditor, including equity and improvements. See Illinois UCC-1, and Legal Notice and Demand for complete property list.**

SA-020819662734DL                                                                                          Page 18

**INDEMNITY BOND**

Know all men by these presents, that DWAYNE LITTLEJOHN, the DEBTOR, hereby establishes this Indemnity Bond in favor of Dwayne:Littlejohn, the Secured Party, in the sum of present and future collateral values up to the sum of One Hundred Million United States dollars ($100,000,000.00), in silver dollars, fiat money, or money of account/credit, at par value, for the payment of which bond the DEBTOR hereby firmly binds its successors, heirs, executors, administrators, DBA's, AKA's, and third party assigns, jointly and severally.

The DEBTOR hereby indemnifies the Secured Party against losses incurred as a result of all claims of debts or losses made by any and all persons against the commercial transactions and investments of the DEBTOR. The condition of this bond is that Secured Party covenants to do certain things on behalf of the DEBTOR, as set forth in this security agreement of the same date and executing parties; and DEBTOR covenants to serve as a transmitting utility to assure beneficial interest in all accounts established and managed by the UNITED STATES AND its agent(s)/agencies, corporations or otherwise; and all goods and services in commerce are available to or conveyed from DEBTOR to Secured Party, whichever is appropriate.

To avert losses of vested rights in the present or future collateral that is the subject of the attached security agreement, DEBTOR agrees to make available to the Secured Party, such accounts established by intent of the parties, by operation of law, and/or as constructive trusts, to hold proceeds arising from assets belonging to the DEBTOR, and administered by the UNITED STATES or its subdivisions, agents, or affiliates. Pursuant to existing laws of the UNITED STATES and the agreement of the parties of the attached security agreement, the Secured Party is authorized to assign such funds from said accounts as are necessary to settle all past, present, and future public debts and obligations incurred by the DEBTOR on behalf of the Secured Party.

The DEBTOR, without the benefit of discussion or division, does hereby agree, covenant, and undertake to indemnify, defend and hold the Secured Party harmless from and against any and all claims, losses, liabilities, costs, interests, and expenses including, without restriction, legal costs, interests, penalties, and fines previously suffered or incurred, or to be suffered or incurred by the Secured Party, in accordance with the Secured Party's personal guarantee with respect to loans or indebtedness belonging to the DEBTOR, including any amount the DEBTOR might be deemed to owe to a public creditor for any reason whatsoever. The Secured Party shall promptly advise the debtor of all public claims brought by third parties against the present or future property of the DEBTOR, all of which is covered by the attached security agreement up to the indemnification amount declared herein, and to provide the DEBTOR with full details of said claim(s), including copies of all documents, correspondence, suits, or actions received by or served upon the DEBTOR through the Secured Party. Secured Party shall fully cooperate with discussion, negotiation, or other proceedings relating to such claims.

This bond shall be in force and effect as of the date it is signed and accepted by the parties, and provided that Secured Party may cancel this bond and be relieved of further duty hereunder by delivering a thirty (30) day written notice of cancellation to the DEBTOR. No such cancellation shall affect the liability incurred by or accrued to Secured Party prior to the conclusion of said thirty (30) day period. In such event of notice of cancellation, and in the event the UNITED STATES reinstitutes its constructive claim against the collateral, the DEBTOR agrees to reissue the bond before the end of the thirty (30) day period for an amount equal to or greater than the above value of the attached security agreement, unless the parties agree otherwise.

# NOTICE OF LIEN

This agreement constitutes an International Commercial Lien on all property (in each of their individual capacity/form/item) of the DEBTOR (indemnitor) on behalf of, and for the benefit of, the Secured Party Creditor (indemnitee) in the amount of $100,000,000.00 (ONE HUNDRED MILLION), in silver dollars, fiat money, or money of account/credit, at par value.   This lien will expire at the moment that the indemnitee expires or when this lien is satisfied by any Third Party Interloper who seeks to take/seize any of said property.

_PWAYNE LITTLEJOHN_

DWAYNE LITTLEJOHN, Indemnitor

Dwayne:Littlejohn, Indemnitee

IN THE

_U.S. DISTRICT COURT_

_NORTHERN DISTRICT, ILLINOIS_

_DWAYNE LITTLEJOHN_
Plaintiff,

v.

_STATE OF ILLINOIS_
Defendant

Case No. _14 C 3707_

## PROOF/CERTIFICATE OF SERVICE

TO: _PRISONER CORRESPONDENCE_          TO: _____

_CLERK'S OFFICE_          _____

_U.S. DISTRICT COURT_          _____

_219 S. DEARBORN_          _____

_CHICAGO, IL. 60604_

PLEASE TAKE NOTICE that on _JULY 10_____, 20_14_, I have placed the
documents listed below in the institutional mail at _ROBINSON_ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _AMENDED COMPLAINT WITH_
_ATTACHED SECURITY AGREEMENT - UCC FINANCING STATE-_
_MENTS AND MEMORANDUM OF LAW IN SUPPORT_.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty or perjury
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE: _____

City, County of _Robinson, Crawford_
State of _Illinois_
Subscribed and sworn to before me
this _10_ day of _July_, 20_14_
by _____
                              Notary Public
My commission expires _04/05/17_

/s/ _____
NAME: _DWAYNE LITTLEJOHN_
IDOC#: _R43595_
_ROBINSON_ Correctional Center
P.O. BOX _13423 E. 1150TH AVE_
_ROBINSON_____, IL _62454_

OFFICIAL SEAL
MEGAN T MAURER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/05/17

Revised Jan 2002